NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUGO HARMATZ,<br><br>Plaintiff,<br><br>v.<br><br>FBI LEEDA, *et al.*,<br><br>Defendants. | Civil Action No. 25-2648 (RK) (JBD)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Motions to Dismiss filed by Defendants FBI LEEDA, Jacques Battiste, Joel Fitzgerald, Lon Thiele, Christopher Workman, Torrie James, and TiRynn Hamblin (collectively, the "FBI Defendants") (ECF No. 14) and Defendants Mark Lorimer and Eventive Group, Inc. (together, the "Eventive Defendants," and collectively with the FBI Defendants, the "Moving Defendants") (ECF No. 24). *Pro se* Plaintiff Hugo Harmatz ("Plaintiff") opposed the Motions (ECF No. 27), and the Moving Defendants each replied (ECF Nos. 28, 29). Having considered the parties' submissions, the Court resolves the pending Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Moving Defendants' Motions to Dismiss are **GRANTED**, and Plaintiff's Amended Complaint[1] (ECF No. 4) is **DISMISSED**.

---

[1] Plaintiff filed his initial Complaint on April 11, 2025. (ECF No. 1.) On May 2, 2025, prior to any Defendant either answering or filing a responsive pleading, Plaintiff filed an Amended Complaint. (ECF No. 4.) Though styled as a "Proposed Amended Complaint" (*id.*), the Moving Defendants appear to rely on the Amended Complaint as operative (*see, e.g.*, ECF No. 14-1 at 3), and thus the Court will also consider the Amended Complaint to be the operative pleading in this matter.

I.   **BACKGROUND**[2]

This case concerns Plaintiff's dissatisfaction with Defendant FBI LEEDA declining to showcase a documentary film, titled "A Penitent Thief" (the "Film"), for which Plaintiff purportedly served as "executive producer." ("AC," ECF No. 4, ¶ 18.) FBI LEEDA is "the premiere executive law enforcement continuing education provider for police leaders." (*Id.* ¶ 2.) In January 2025, Plaintiff invited Defendant Christopher Workman, a vice president at FBI LEEDA, to a test screening of the Film, which examines "the profound impact of the criminal justice system on individuals who have endured lengthy prison sentences" through personal stories. (*Id.* ¶¶ 18, 21.) The test screening was scheduled to take place in Newark, New Jersey on March 9, 2025. (*Id.* ¶ 20.)

Prior to the screening, Defendant Jacques Battiste, the Chief Executive Officer of FBI LEEDA, called Plaintiff and indicated that FBI LEEDA wanted to showcase the Film at its annual conference in New Orleans. (*Id.* ¶¶ 3, 22.) Battiste stated that the screening would take place on April 29, 2025 and that FBI LEEDA would pay for Plaintiff and his son to attend the conference (including paying for "hotel, meals, conference fees, [and] air travel"). (*Id.* ¶ 23.) Plaintiff "accepted the offer." (*Id.* ¶ 24.) The following month, Plaintiff received a box full of FBI LEEDA-branded items, such as shirts, playing cards, challenge coins, and pins, "as a thank you for allowing [the Film] to be shown" at the annual conference. (*Id.* ¶ 29.)

Following their phone call, Plaintiff alleges that Battiste put him in contact with a representative of the National Football League, Defendant Kenny Hansmire, who agreed to bring "a number of professional football 'greats'" to the Film's test screening in Newark. (*Id.* ¶¶ 26–27.)

---

[2] The Court accepts all factual allegations in the Amended Complaint as true for purposes of deciding the Motions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

However, no football players ultimately attended the screening. (*Id.* ¶ 36.) Even so, Battiste told Plaintiff that the FBI LEEDA members who saw the Film at the screening enjoyed it. (*Id.* ¶ 35.) Plaintiff was told that FBI LEEDA would discuss the Film with both the White House and FBI Director Kash Patel. (*Id.* ¶ 30, 37–39.)

In advance of the FBI LEEDA annual conference, Plaintiff was advised by someone—though it is not alleged by whom—that air travel and car service were scheduled for him. (*Id.* ¶¶ 31–32.) However, on March 14, 2025—over a month before the conference was scheduled to take place at the end of April 2025—Plaintiff was informed—though it is again not alleged by whom—that the Film would no longer be shown at the conference. (*Id.* ¶ 35.[3]) That same day, Plaintiff "informed [Defendants] that they were in breach of the agreement between the parties and that [Plaintiff] had detrimentally relied upon [Defendants'] representations." (*Id.* ¶ 40.) Battise informed Plaintiff that he was "attempting to correct the issue" and "working to try to get a private screening of the [F]ilm." (*Id.* ¶ 41.)

A week later, Plaintiff informed Defendant Mark Lorimer, the President of Defendant Eventive Group, that the website link for a complimentary hotel booking was no longer working. (*Id.* ¶¶ 9, 42.) Lorimer advised Plaintiff that he was "standing by for further instructions" from Battiste. (*Id.* ¶ 43.) On March 24, 2025, Battiste informed Plaintiff that there was never any agreement in place between FBI LEEDA and Plaintiff regarding the Film and that "FBI LEEDA [would] not be providing hotel accommodations, airfare, transportation, conference passes, or any other financial support" to Plaintiff. (*Id.* ¶ 44.)

---

[3] There are two paragraph 35s in the Amended Complaint; the citation here is directed at the paragraph 35 falling between paragraphs 39 and 40. (*See* AC at 9.)

3

On April 11, 2025, Plaintiff filed the instant lawsuit. (ECF No. 1.) Less than a month later, Plaintiff filed his Amended Complaint. (ECF No. 4.) The Amended Complaint alleges five claims against all named Defendants for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, "misuse of funds by nonprofit board members," and civil conspiracy. (*Id.* ¶¶ 46–75.) In terms of relief, Plaintiff seeks "[a]ctual and punitive damages" of $45 million. (*Id.* at 15.)

In August 2025, Plaintiff voluntarily dismissed Defendant Kenny Hansmire from the action. (ECF No. 19.) Now, the remaining Defendants have moved to dismiss. (ECF Nos. 14, 24.)

## II. LEGAL STANDARD

### A. RULE 8

A court may *sua sponte* dismiss a complaint for failure to comply with Federal Rule of Civil Procedure ("Rule") 8. *Tillio v. Northland Grp. Inc.*, 456 F. App'x 78, 79 (3d. Cir. 2012) (per curiam). Rule 8 requires plaintiffs to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each averment must be 'simple, concise, and direct.'" *Washington v. Warden SCI-Greene*, 608 F. App'x 49, 52 (3d Cir. 2015) (per curiam) (quoting Fed. R. Civ. P. 8(d)(1)). "Taken together, Rules 8(a) and [8(d)(1)] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (internal quotation marks omitted). At its core, the purpose of a pleading is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a court should liberally construe the pleadings of a pro se plaintiff, the complaint must still comply with the pleading requirements of

Rule 8." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

### B. RULE 12(B)(6)

Pursuant to Federal Rule of Civil Procedure 12, the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under this Rule, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In evaluating the sufficiency of a complaint, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citations omitted). However, the Court "need not credit bald assertions or legal conclusions" or allegations "involv[ing] fantastic factual scenarios lack[ing] any arguable factual or legal basis" or that "surpass all credulity." *Degrazia v. F.B.I.*, No. 08-1009, 2008 WL 2456489, at *3 (D.N.J. June 13, 2008) (citations and quotation marks omitted), *aff'd*, 316 F. App'x 172 (3d Cir. 2009).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions or a formulistic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth." *Valentine v. Unifund CCR, Inc.*, No. 20-5024, 2021 WL

912854, at *2 (D.N.J. Mar. 10, 2021) (citing *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011)).

A *pro se* plaintiff's complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Cason v. Middlesex Cnty. Prosecutors' Off.*, No. 18-2101, 2022 WL 2871195, at *3 (D.N.J. July 21, 2022) (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding the liberal interpretation, a *pro se* plaintiff "must still plead the essential elements of [his] claim." *Alfred v. Atl. City Police Dep't Swat*, No. 14-7536, 2015 WL 5823057, at *1 (D.N.J. Oct. 1, 2015) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

## III.     DISCUSSION

There are numerous grounds upon which to dismiss Plaintiff's case.[4] As an initial matter, the majority of the Moving Defendants are entitled to dismissal solely on the basis that there are no facts alleged against them in the Amended Complaint to support any inference of wrongdoing.

---

[4] The Court observes that while Plaintiff alleges this Court has diversity jurisdiction over his suit pursuant to 28 U.S.C. § 1332(a), the amount in controversy set forth in the Amended Complaint—$45 million—does not appear to have been alleged in good faith. *See Crisafulli v. Ameritas Life Ins. Co.*, No. 13-5937, 2014 WL 2611839, at *3 (D.N.J. June 11, 2014) ("The court must decide the amount in controversy from the complaint itself, unless it appears or is shown that the amount stated in the complaint is not claimed in good faith." (citing *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961))). Indeed, the facts alleged in the Amended Complaint do not make reference to *any* actual damages incurred by Plaintiff, much less damages totaling millions of dollars. Nonetheless, given that the amount in controversy should only be disregarded if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount," and the Amended Complaint can be dismissed on other grounds, the Court will presume Plaintiff's pie-in-the-sky total damages amount is sufficient to confer jurisdiction on this Court. *Horton*, 367 U.S. at 353.

Relatedly, the Court will also presume Plaintiff has Article III standing to bring suit, though it is highly dubious to the Court that Plaintiff—who is not alleged to have any interest in the Film at-issue aside from serving as an executive producer—suffered any sort of concrete injury beyond disappointment when FBI LEEDA opted against showcasing the Film at their annual conference. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (requiring plaintiff to have "suffered an injury in fact" to have standing in federal court); *Kaymak v. AAA Mid Atl., Inc.*, 529 F. App'x 222, 224 (3d Cir. 2013) ("An 'injury in fact' is one that is 'concrete,' 'particularized' and 'actual or imminent.'" (citation omitted)). Because the Court will permit Plaintiff the opportunity to file a Second Amended Complaint, it expects that Plaintiff will clarify these aforementioned issues within that pleading.

6

Four of the Moving Defendants—Lon Thiele, Torrie James, TiRynn Hamblin, and Eventive Group, Inc.—are not referenced in the Amended Complaint at all outside of the case caption and list of parties. (*See* AC at 1, ¶¶ 5, 7, 8, 10.) Similarly, there is only a single substantive allegation in the Amended Complaint referencing each of the following Moving Defendants: Joel Fitzgerald, Christopher Workman, and Mark Lorimer. *First*, Plaintiff alleges an unidentified defendant told him Joel Fitzgerald, the President of FBI LEEDA, wanted a copy of the guest list for the test screening of the Film in order to discuss the Film with the White House. (*Id.* ¶ 30.) *Second*, Plaintiff alleges he invited Christopher Workman, a vice president at FBI LEEDA, to the test screening of the Film. (*Id.* ¶ 21.) *Finally*, Plaintiff alleges Mark Lorimer told Plaintiff he was "standing by" for further instruction after Plaintiff complained that his complimentary hotel booking website link was no longer working. (*Id.* ¶¶ 42–43.)

Plaintiff's passing references do not provide these Defendants with any semblance of notice as to what claims Plaintiff purports to level against them or the grounds upon which those claims rest. *See Twombly*, 550 U.S. at 555 (requiring pleadings to "give the defendant fair notice" of claims (internal quotation marks omitted)). Thus, the claims against Joel Fitzgerald, Christopher Workman, Lon Thiele, Torrie James, TiRynn Hamblin, Mark Lorimer, and Eventive Group, Inc. must be dismissed pursuant to Rule 8 and Rule 12(b)(6).

With respect to the remaining Defendants—FBI LEEDA and Jacques Battiste—even though the factual allegations are rife with references to the pair (*see, e.g.*, AC ¶¶ 22, 23, 44), "all counts [in the Amended Complaint] engage in group pleading, referring to Defendants collectively and without addressing each Defendants' alleged actions individually." *Y.V. by Krasny v. N.J. Dep't of Child. & Fams.*, No. 21-18770, 2022 WL 2347169, at *6 n.7 (D.N.J. June 29, 2022). "A complaint that relies on improper group pleading is subject to dismissal because it fails to satisfy

7

the requirement of Federal Rule of Civil Procedure 8 that a complaint 'place Defendants on notice of the claims against each of them.'" *Chamblin Grp. Real Est. Ventures LLC v. Pina*, No. 23-22655, 2025 WL 1135223, at *3 (D.N.J. Apr. 16, 2025) (quoting *JD Glob. Sales, Inc. v. Jem D Int'l Partners, LP*, No. 21-19943, 2023 WL 4558885, at *7 (D.N.J. July 17, 2023)). An impermissible group pleading is one that is "impermissibly vague" or "otherwise 'injects an inherently speculative nature into the pleadings, forcing both the [d]efendants and the Court to guess who did what to whom when.'" *Craft v. BMW of N. Am., LLC*, No. 24-6826, 2024 WL 5197080, at *3 (D.N.J. Dec. 23, 2024) (quoting *Kong v. Johnson & Johnson*, No. 23-3091, 2024 WL 1640996, at *5 (D.N.J. Apr. 15, 2024)).

Here, "the pleading improperly leaves it for the Court and the defendants to determine which factual allegation within the . . . complaint supports which legal conclusion from the asserted counts." *Chamblin Grp. Real Est. Ventures*, 2025 WL 1135223, at *3 (collecting cases). Indeed, every claim in the Amended Complaint exclusively alleges wrongdoing by "[D]efendants" as an entire group. (*See id.* ¶¶ 46–75.) As an example, Plaintiff's breach of contract claim alleges that "Defendants" knowingly entered into an agreement with Plaintiff but does not specify whether that agreement was with FBI LEEDA, Battiste, and/or some other Defendant. (AC ¶¶ 46–50.) The factual allegations do nothing to clarify this confusion. Similarly, Plaintiff's claim of "misuse of funds" seems to be directed at an unnamed group of "FBI LEEDA board members" who may or may not be named Defendants in this matter.[5] (*Id.* ¶¶ 64–66.) This type of confusion, prevalent in all of the Amended Complaint's claims, makes it impossible for both the Court and Defendants to properly evaluate the allegations at hand. *See Twombly*, 550 U.S. at 555.

---

[5] While Plaintiff raises additional factual allegations in his opposition briefing (*see generally* ECF No. 27), "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Commonwealth. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted). Thus, the Court will not consider these allegations at this juncture.

Thus, because the Amended Complaint fails under Rule 8 and Rule 12(b)(6) as to all of the remaining Defendants in this matter, the Moving Defendants' Motions to Dismiss are **GRANTED**, and the Amended Complaint is **DISMISSED**. In his opposition briefing, Plaintiff repeatedly offered to file an amended pleading addressing the defects outlined in the Moving Defendants' briefing. (ECF No. 27 at 8–11.) Mindful of Plaintiff's *pro se* status and that leave to amend is often freely given, the Court will permit Plaintiff thirty days to file an amended pleading that corrects the deficiencies within the Amended Complaint that are outlined hereinabove.[6]

Therefore, **IT IS** on this 10th day of November, 2025, **ORDERED** that:

1. The Moving Defendants' Motions to Dismiss (ECF Nos. 14, 24) are **GRANTED**;

2. The Amended Complaint (ECF No. 4) is **DISMISSED** without prejudice;

3. Plaintiff may file a Second Amended Complaint within 30 days correcting the deficiencies identified in this Memorandum Order;

4. Plaintiff's failure to file a Second Amended Complaint within 30 days of this Memorandum Order will require Plaintiff to seek leave to amend from the Court, pursuant to Rule 15(a);

5. Defendants may re-file their motions to dismiss, file new motions to dismiss, or file answers upon Plaintiff's filing of his Second Amended Complaint;

6. The Clerk of the Court shall **TERMINATE** the Motions pending at ECF Nos. 14 and 24; and

7. The Clerk of the Court shall mail a copy of this Memorandum Order to Plaintiff's address of record via regular U.S. mail.

---

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

---

[6] To be sure, the Moving Defendants' briefing raises a number of additional issues with the Amended Complaint, including deficiencies in the factual allegations underlying Plaintiff's claims. While not drawing any conclusions as to the validity of these arguments, the Court encourages Plaintiff, to the extent he chooses to file a Second Amended Complaint, to seriously take heed of the Moving Defendants' concerns as he crafts his amended pleading.